UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12-cr-150 |
| vs. | : | Judge Timothy S. Black |
| KEVIN TODD, | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**

This criminal case is before the Court on Defendant's motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 39), and the Government's response in opposition (Doc. 40).

## I. BACKGROUND

On December 13, 2012, Defendant Kevin Todd was charged by way of a seven-count Indictment with the following offenses: sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 1-4); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Counts 5-7). (Doc. 5).

On March 7, 2013, Defendant appeared before this Court and entered a plea of guilty to Count 4 (sexual exploitation of a minor). (Min. Entry, Mar. 7, 2013). Specifically, Defendant entered his plea pursuant to a proposed, binding Rule 11(c)(1)(C) plea agreement, in which the parties agreed, *inter alia*, to a sentence of imprisonment within the range of 240-300 months, and the Government agreed to dismiss the remaining six counts of the Indictment after sentencing. (*Id.*; Doc. 17).

At the time of his plea hearing, Defendant admitted to the facts set forth in his Statement of Facts, in full. (Doc. 17 at 8-9; Doc. 35 at 12-14). Specifically, Defendant admitted that, over the course of two years (from August 2010 to November 2012), he took sexually explicit videos and photographs of the two minor victims—who were just five to six years old at the time—while the minors were alone with Defendant, at his residence and in his care. (*Id.*) Defendant can be seen and heard in one video (*i.e.*, the subject of Count 4, to which Defendant pleaded guilty) directing one of the minor victims into various poses, and also exposing his penis to her. (*Id.*; PSR at ¶ 23). Defendant then made arrangements online to meet another individual, with whom Defendant intended to share the images and videos. (Doc. 17 at 8-9). Unbeknownst to Defendant, the individual was an undercover officer. (*Id.*) Defendant was arrested upon his arrival at the meeting location, and the videos and images were found on various devices in Defendant's vehicle. (*Id.*) The devices also included additional child pornography depicting minors engaged in sexual activities with adults and other children. (*Id.*)

Defendant's Final PSR was completed on May 20, 2013, and the case proceeded to sentencing on August 8, 2013. (Min. Entry, Aug. 8, 2013).

As stated in the PSR and ultimately calculated by the Court, Defendant's offense conduct resulted in a Total Offense Level of 39, a Criminal History Category II, and a Guideline Range of 292 to 360 months imprisonment. (Doc. 34 at 7; PSR at 25). Notably, Defendant qualified as a Criminal History Category II at the time, based on a sub-total criminal history score of one, plus a two-point add-on for committing the

2

offense while under a criminal justice sentence; resulting in a total score of three. (PSR at ¶¶ 68-70).

During sentencing, the Court heard arguments from the parties, allocution from Defendant, and the statement of the victims' mother. (Doc. 34). The Court then considered the 18 U.S.C. § 3553(a) factors, noting, among other things: "It's as heinous a crime as there is. … Sexual exploitation of a – minor, not one minor, the relevant conduct talks about a lot of minors – the offense is as despicable as any the Court has seen over its long experience." (*Id*. at 17). The Court also found that, beyond taking responsibility for his conduct and thereby sparing the victims from having to appear or testify, there was little by way of mitigation in Defendant's favor. (*Id*. at 16-17).

Ultimately, this Court sentenced Defendant to a term of 300 months imprisonment, followed by a lifetime of supervision. (Doc. 28). In imposing this sentence, the Court stated that:

> When I look at the nature of the offense, your history and characteristics and the needs of the public and any victims of the crime, **I conclude easily that <u>the most appropriate sentence[,] sufficient, but not greater than necessary</u>, is a sentence <u>within the guideline provisions, at the top end of the proposed binding Plea Agreement</u>**, which I accept.

(Doc. 34 at 18) (emphasis added).

Defendant now seeks a reduction of his sentence from 300 months to 269 months, based on the retroactive application of Guideline Amendment 821. (Doc. 39). The Government opposes Defendant's motion, arguing that a reduced Guideline range does not warrant a corresponding reduction of Defendant's sentence. (Doc. 40).

3

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission …." Before granting such a reduction, the Court must consider the applicable 18 U.S.C. § 3553(a) factors and must ensure that the reduction is consistent with the Sentencing Commission's relevant policy statements. 18 U.S.C. § 3582(c)(2).

## III. ANALYSIS

Defendant moves the Court to reduce his sentence from 300 months to 269 months, noting that he qualifies for retroactive application of Amendment 821 of the United States Sentencing Guidelines. (Doc. 39). The Government does not dispute that Defendant qualifies for retroactive application of Amendment 821, but argues that reduction is unwarranted because the 300-month sentence imposed is still within the Guidelines, was anticipated by the Rule 11(c)(1)(C) plea agreement, and remains appropriate in consideration of the sentencing factors. (Doc. 40).

Amendment 821, Part A ("821-A") of the Sentencing Guidelines "amended §4A1.1 (Criminal History Category) to limit the overall criminal history impact of 'status points' (*i.e.*, the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence …)." U.S. Sent'g Comm'n, Guidelines Manual § 1B1.10, comment. (n.7) (Nov. 2023).

Specifically, prior to November 2023, including at the time of Defendant's sentencing, the Sentencing Guidelines instructed the Court to "[a]dd 2 points if the

4

defendant committed the instant offense while under any criminal justice sentence, including probation ….." USSG § 4A1.1(d) (Nov. 2012).  However, after 821-A took effect in November 2023, the Guidelines were amended and now instruct the Court as follows: "<u>Add 1 point</u> if the defendant (1) <u>receives 7 or more [criminal history] points</u> …, ***and*** (2) committed the instant offense while under any criminal justice sentence, including probation …." USSG § 4A1.1(e) (Nov. 2023) (emphasis added).  Moreover, the Sentencing Commission made 821-A applicable retroactively, thereby allowing qualifying defendants to seek a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2).  USSG § 1B1.10, p.s.

Here, at the time of sentencing, Defendant received a sub-total of one criminal history points.  However, because Defendant committed the offense of conviction in this case while under a criminal justice sentence (specifically, while on probation to the state court for a 2010 theft conviction), he also qualified for and received an additional two-point increase, pursuant to § 4A1.1(d) of the 2012 Guidelines Manual.  (PSR at ¶¶ 66, 68); *see* USSG § 4A1.1(d) (Nov. 2012).  As a result, Defendant received a total criminal history score of three, placing him in Criminal History Category II.  Based on Defendant's Total Offense Level 39, a Criminal History Category II resulted in a Guideline range of 292 to 360 months.  (PSR at 25).[1]  However, Defendant's Rule

---

[1] To be clear, the actual range for a Total Offense Level 39 and Criminal History Category II is 292 to 365 months.  However, Defendant's offense of conviction carried a mandatory minimum sentence of 180 months (15 years) and a statutory maximum sentence of 360 months (30 years).  Accordingly, given the statutory maximum, the high-end of Defendant's Guidelines range was reduced to 360 months, pursuant to USSG § 5G1.1(c)(1).

11(c)(1)(C) plea agreement proposed a sentence within the range of 240 to 300 months. And the Court sentenced Defendant to 300 months, *i.e.*, the high-end of the Rule 11(c)(1)(C) range and within the Guidelines as calculated at the time.

Under the amended Guidelines, the Court agrees that Defendant no longer qualifies for the two-point criminal history score increase, given that the increase is now applicable only if, as an initial matter, a defendant receives a sub-total of at least seven criminal history points. Because Defendant does not meet this criteria, the fact that he was otherwise under a criminal justice sentence carries no penalty.

Accordingly, Defendant receives an amended criminal history of one, placing him in Criminal History I (as opposed to II) and, in turn, his Guideline range is reduced to 262 to 327 months (as opposed to 292 to 360 months). USSG, Ch. 5, Pt. A. Nevertheless, the Court finds that a corresponding sentencing reduction is unwarranted.

To start, it bears noting that the reduced sentence Defendant now requests (*i.e.*, 269 months) was available to the Court as an option at the time of sentencing and, indeed, would have been squarely within the Rule 11(c)(1)(C) plea agreement's proposed range. But this Court specifically chose the sentence of 300 months, noting, in fact, that: "I conclude **easily** that **the most appropriate sentence**[,] sufficient, but not greater than necessary, is a sentence *within* the guideline provisions, at the top end of the proposed binding Plea Agreement." (Doc. 34 at 18) (emphasis added).

Despite the reduced Guideline range, nothing has fundamentally changed from the Court's initial assessment. The sentence of 300 months remains within even the reduced Guideline range, and it is still the top of the Rule 11(c)(1)(C) range. Moreover, upon

6

consideration of the 18 U.S.C. § 3553(a) sentencing factors, the Court continues to find that 300 months is still "the most appropriate sentence" and is sufficient, but not greater than necessary.

Indeed, as this Court stated at the time of sentencing, Defendant committed "as heinous a crime as there is." (Doc. 34 at 17). Defendant was entrusted to care for two six-year old girls, and he used the opportunity to sexually exploit them, **repeatedly**, on video, and then sought out others with whom he intended to share and revel in the depictions of sexual abuse that he had inflicted.

The Court acknowledged at the time of sentencing that Defendant's plea of guilty spared the victims from being re-traumatized as witnesses; and the Court continues to credit him for that decision. But nothing else presented at sentencing mitigated Defendant's circumstances so as to make any lesser sentence appropriate. And nothing Defendant presents in his current motion changes this.[2]

Specifically, the Court recognizes that Defendant has had no infractions while in prison and that he has participated in various educational and rehabilitative programs. But this Court expects nothing less of him (or any other defendant for that matter) while incarcerated. His general compliance as an inmate does not warrant reduction of his

---

[2] The Court acknowledges that Defendant's Bureau of Prisons ("BOP") Inmate Profile makes a passing reference to "Minimum Risk Recidivism Level" as of August 10, 2023. (Doc. 39-1 at 5). But there is no explanation provided as to how the BOP came to this conclusion. And frankly, the Court disagrees with the assessment. Indeed, the Court reached the opposite conclusion at sentencing and, accordingly, placed Defendant on supervised release for LIFE—a decision the Sixth Circuit upheld on appeal. *See United States v. Kevin D. Todd*, No. 13-3974 (6th Cir., May 8, 2014).

criminal sentence. The Court also finds Defendant's family circumstances unpersuasive. Many incarcerated individuals have aging family members who could benefit from the defendant's presence and assistance at home. That is an unfortunate burden that incarceration imposes on families. Defendant's circumstances are neither unique, nor compelling.

In short, at the time of sentencing, this Court, upon consideration of the relevant 18 U.S.C. § 3553(a) factors, determined that <u>the most appropriate sentence</u> was a term of 300 months imprisonment and noted that the sentence was both within Defendant's Guidelines range and at the high-end of his Rule 11(c)(1)(C) range. For purposes of Defendant's motion, this Court has again considered the applicable 18 U.S.C. § 3553(a) factors and, having done so, finds that the imposed sentence remains appropriate. Indeed, the Court finds that the imposed sentence of 300 months imprisonment is sufficient but not greater than necessary, and further finds that granting a reduction would undermine the purposes of sentencing.

### IV. CONCLUSION

Based upon the foregoing, Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**. (Doc. 39).

**IT IS SO ORDERED.**

Date: 10/29/2024

*Timothy S. Black*
Timothy S. Black
United States District Judge